IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


ANDY LEE LARGE, HH-2848,           )
      Petitioner,                )
                                   )
        v.                     )   Civil Action No. 08-1561
                                   )
BRIAN COLEMAN, et al,              )
      Respondents.               )


Memorandum and Order

Mitchell, M.J.:

      Andy Lee Large an inmate at the State Correctional Institution - Fayette has presented a

petition for a writ of habeas corpus which he has been granted leave to prosecute in forma

pauperis. For the reasons set forth below, the petition will be dismissed, and because reasonable

jurists could not conclude that a basis for appeal exists, a certificate of appealability will be

denied.

      Large is presently serving a six to twelve year sentence imposed following his conviction

upon a plea of guilty to charges of owning and operating or conducting a chop shop at No. 174 of

2007, in the Court of Common Pleas of Butler County, Pennsylvania. This sentence was imposed

on November 15, 2007.[1]  The petitioner then sought post-conviction relief in the Court of

Common Pleas on January 14, 2008[2] and that relief was denied on May 23, 2008 without any

_____

    [1] See: Petition at ¶ 1-6.

    [2] See: Exhibit 14 to the answer of the Commonwealth.

1

reasons for the denial being set forth.[3] Apparently, no appellate relief was sought.

However, on June 4, 2008, Large filed a nunc pro tunc motion for reduction/modification of sentence.[4] On June 19, 2008 relief was denied.[5]

An appeal was taken to the Superior Court at No. 1393 WDA 2008.[6] The notice of appeal was filed on July 18, 2008 and the appeal was quashed on September 17, 2008 as having not been timely filed.[7] Specifically, in reviewing this matter the Superior Court wrote:

> AND NOW, this appeal having been taken from an order imposing judgment of sentence on November 15, 2007, is QUASHED as being untimely filed. See Pa.R.A.P.903(a). Appellant filed his post-sentence motions nunc pro tunc on June 14, 2008. Such filings are untimely pursuant to Commonwealth v. Dreves, 839 A.2d 1122 (Pa.Super.2003)(en banc), which allows for the filing of post-sentence motions within 10 days of the judgment of sentence. In order to file a post-sentence motion nunc pro tunc, a defendant must demonstrate sufficient cause or reasons to excuse the late filing within 30 days of the judgment of sentence. Appellant did not request a late filing. Accordingly, the trial court did not have authority to allow for the late filing or act on such motions and the notice of appeal was filed beyond 30 days from the imposition of judgment of sentence.[8]

Leave to appeal to the Pennsylvania Supreme Court was not requested.

The petitioner also filed a motion for return of seized property.[9] That motion was denied

---

[3] See: Exhibit 24 to the answer of the Commonwealth.

[4] See: Exhibit 25 to the answer of the Commonwealth.

[5] See: Exhibit 26 to the answer of the Commonwealth.

[6] See: Petition at ¶ 10(a).

[7] See: Exhibit 34 to the answer of the Commonwealth.

[8] Id.

[9] See: Exhibit 19 to the answer of the Commonwealth.

on June 23, 2008, as the property was deemed to constitute instruments of the crimes.[10] A notice

of appeal was filed on July 23, 2008 and is docketed in the Superior Court at No. 1335 WDA

2008 where it is presently pending.[11]  A second petition for post-conviction relief was denied on

October 27, 2008.[12]

The instant petition was executed on November 1, 2008, and in it, Large contends he is

entitled to relief on grounds of,

> Due process violation, coercion by District Attorney, ineffective counsel, judge
> should recuse himself, illegal sentence, crime was one criminal act, co-defendant
> not charged same way, if [only] one count of charge [is proper, then] sentence is
> beyond legal maximum, double jeopardy - triple prosecution for one offense.[13]

It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted unless it appears that
> the applicant has exhausted the remedies available in the courts of the State, or
> that there is either an absence of available State corrective process or the existence
> of circumstances rendering such process ineffective to protect the rights of the
> prisoner.

This statute represents a codification of the well-established concept which requires that

before a federal court will review any allegations raised by a state prisoner, those allegations

must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411

U.S. 475 (1973); Braden v.  30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973);

Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

---

[10] See: Exhibit 28 to the answer of the Commonwealth.

[11] See: Court of Common Plea Docket and Superior Court Docket 1335 WDA 2008..

[12] See: Petition at ¶ 12.

[13] See: Petition at ¶ 13.

It is only when a petitioner has demonstrated that the available corrective process would

be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez,

supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine

whether a procedural default has occurred. If a procedural default has occurred, the court must

determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage

of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d

Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413

(2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions
> is satisfied - the state-court adjudication resulted in a decision that (1) "was
> contrary to ... clearly established Federal law, as determined by the Supreme Court
> of the United States," or (2) "involved an unreasonable application of ... clearly
> established Federal law, as determined by the Supreme Court of the United
> States." Under the "contrary to" clause, a federal habeas court may grant the writ
> if the state court arrives at a conclusion opposite to that reached by this Court on a
> question of law or if the state court decides a case differently than this Court has
> on a set of materially indistinguishable facts. Under the "unreasonable
> application" clause, a federal habeas court may grant the writ if the state court
> identifies the correct governing legal principle from this Court's decisions but
> unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in Williams v. Taylor held that "[-u]nder the 'contrary to' clause, a
> federal habeas court may grant the writ if the state court arrives at a conclusion
> opposite to that reached by [the Supreme] Court on a question of law or if the
> state court decides a case differently than this Court has on a set of materially
> indistinguishable facts." Williams v. Taylor, further held that "[u]nder the
> 'unreasonable application' clause, a federal habeas court may grant the writ if the
> state court identifies the correct legal principle from [the Supreme] Court's
> decisions but unreasonably applies that principle to the facts of the prisoner's
> case." The "unreasonable application" inquiry requires the habeas court to "ask

whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in <u>Williams v. Taylor</u> made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, it would appear that the petitioner's direct appeal to the Superior Court was quashed as untimely since under Pennsylvania law an appeal must be filed within thirty days of the entry of the order from which the appeal is taken.[14] In the instant case sentence was imposed on November 15, 2007, and the notice of appeal was not filed until August 27, 2008, and thus it was untimely.

In <u>Coleman v.Thompson</u>, 501 U.S. 722,750 (1991), the Court held:

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

No such showing is made here. Thus, because of the petitioner's procedural default for which no good cause exists, further consideration of his habeas petition is barred here.

While the record in this case is extremely convoluted, it would appear that the petitioner did file a post-conviction petition on January 14, 2008 . That petition was denied on May 27, 2008, and apparently no appeal was filed. However, the petitioner did also filed a motion for

---

[14] See: P.R.App.P. 903(a) and Exhibit 34 to the answer of the Commonwealth..

return of seized property on March 6, 2008.[15]  That relief was denied on June 23, 2008.[16]  An

appeal was taken to the Superior Court at No. 1335 WDA 2008. However, the petitioner failed to

file a statement of matters complained about on appeal.[17]  Nevertheless, Large did file his

appellant's brief on December 24, 2008 and that appeal is presently pending before the Superior

Court. While it is again confusing to understand what the petitioner seeks in the Superior Court,

in his conclusion to his appellant's brief, Large states:

> WHEREFORE, for the foregoing reasons Andy Large prays Your Honorable
> Court to vacate the denial of return of property herein rendered and to award him all personal
> property unlawfully seized and held and or the monetary value of $14,048 dollars and remand
> this matter for an evidentiary hearing on the search warrant.[18]

Thus, it would appear that the appeal is from the denial of his motion for return of seized

property. As such it is not a matter properly considered by a federal habeas court which is

authorized to review the factors leading to a conviction and sentence. Guest v. McCann, 474 F.3d

926 (7th Cir.) cert. denied 128 S.Ct. 170 (2007).  Additionally, even if properly raised in a habeas

petition, it is apparent that the petitioner has not exhausted the available state court remedies on

this issue since the matter is presently pending before the Pennsylvania Superior Court.

Thus, because the petitioner has defaulted his state court remedies in challenging his

conviction, and because this is not the appropriate court in which to challenge the denial of his

efforts to seek the return of seized property, the petition of Andy Lee Large for a writ of habeas

---

[15] See: Exhibit 19 to the answer.

[16] See: Exhibit 28 to the answer of the Commonwealth.

[17] See: Exhibit 35 to the answer of the Commonwealth.

[18] See: Docket entry 13.

corpus is meritless and will be dismissed, and because reasonable jurists could not conclude that a valid basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

ORDER

AND NOW, this 29th day of January, 2009, for the reasons set forth in the foregoing Memorandum, the petition of Andy Less Large for a writ of habeas corpus is dismissed and a certificate of appealability is denied.


s/ Robert C. Mitchell
United States Magistrate Judge